RECEIVED IN
The Court of Appeals
Sixth District

DEC 0 9 2015

Texarkana, Texas
Debra Autrey, Clerk

No. 06-15-00124-CR

Six Court Appeal

FILED IN
The Court of Appeals
Sixth District

DEC 0 9 2015

Texarkana, Texas
Debra K. Autrey, Clerk

LARRY JOE JONES                          Appellant

V.

State of TEXAS                          Appellee

85th District Court
Brazos County TEXAS
Trial Court No. 14-2769

## Motion To Dismiss Counsel Proceed Pro-se On Direct Appeal

To Honorable Judge of Appellee Court:

Come Now Appellant, LARRY JOE JONES, in above Styled and Numbered cause of action to Show the Court the following:

## I.

The United States Supreme Court has held that there is No constitutional right to represent oneself on appeal. Martinez v. Court of Appeal of California, Four Appellate District

528 U.S. 163. 120 S. Ct. 684, 692. 145 L. Ed 2d 597.
(2000.) See Fewins v. State, 170 S.W 3d 293, 295
(Tex. App. - Waco 2005, order) (clarifying
that "article I. section 10 of in Texas
Constitution does not confer the right
of self-representation afford by the Sixth
Amendment under Faretta" (emphasis
is orginal). However. a criminal defendant
does have a statutory right to self-re-
presentation on appeal. See Tex. Code Crim.
Proc. art. 1.051 (d)(1) (West Supp. 2014); see
Also Sickles v. State 170 S.W. 3d 298. 299
(Tex. App. - Waco order). But the right to
represent oneself on appeal cannot be
used as a tactic to delay the disposition
of a proceeding or to create an issue when
there is none. See Hubbard v. State, 739
S.W. 2d 341. 344 (Tex. Crim App. 1987),
Webb v. State 533 S.W 2d 780 (Tex. Crim. App.
1976); See Also Faretta v. Calfornia 422

U.S 806, 834 n.46 95. S. Ct 2525, 2541, 45 L. Ed. 2d 562 (1975) (The right of self-representation is not a license to abuse the dignity of the Courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on Appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel").

On the other hand, subsection f of Article 1.051 of the Texas Code of Criminal Proc. authorizes a criminal defendant to waiver his right to appointed counsel so long as the waiver is made "voluntary and intelligently and in "writing". Tex Code Crim Proc. Ann art. 1.051 (f). Once the right ~~to self~~ to self-representation is asserted, the trial Judge must inform the defendant about "the dangers and disadvantage of self re-presentation so that the record will

(3.)

establish that he knows what he is doing and his choice is made with open eyes. Id art. 1.051(g) If the court determines the the criminal defendant has voluntarily and intelligently waived his right to counsel the court shall require him to execute a written waiver of counsel which substantially complies with Art. 1.651 (g). Id.

Wherefore, premises considered, the Appellant prays that Motion To Dismiss Counsel on Direct Appeal to proceed Pro-Se shall be granted,

Respectfully Submitted

_____
Lorey Joe Jones

## Certificate of Service

I hereby certify that a ~~true~~ copy of the above foregoing is true and correct and has sent to counsel of record and District Attorney Jarvis Parsons on this 4th day of December 2015,

_____
Lorey Joe Jones

No. 06-15-00124-CR

LARRY JOE JONES #2005311          12/04/2015
Polunsky Unit
3872 FM 350
Livington TEXAS 773

RECEIVED IN
The Court of Appeals
Sixth District

DEC 0 9 2015

Texarkana, Texas
Debra Autrey, Clerk

Six Court of Appeals
Debra K. Autrey / Clerk
100 North State Line Avenue # 20
Texarkana, Texas 75501

Re: Motion To Dismiss Counsel To Proceed Pro-Se
On Direct Appeal

Dear Clerk;
    Please find enclose the above reference
to Filed and a marked returned copy. Also
for the Court ruling on this motion.

Sincerely,
Jones, Larry #2005311

CC: David Crawford, Appellee Attorney's
    Javis Parsons, Brazos County District
    Attorney